UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

JOHN VELEZ,

                Petitioner,            15 Civ. 7004

   -against-                               OPINION

THOMAS GRIFFIN, Superintendent, Green
Haven Correctional Facility,

                Respondent.

------------------------------------------X

A P P E A R A N C E S:

    Pro Se

    John Velez
    Green Haven Correctional Facility
    P.O. Box 4000
    Stormville, NY 12582

    Attorney for the Defendants

    ERIC T. SCHNEIDERMAN
    Attorney General of the State of New York
    120 Broadway, 25th Floor
    New York, NY 10271
    By:  Paul B. Lyons, Esq.
         Dennis A. Rambaud, Esq.

**Sweet, D.J.,**

Petitioner John Velez ("Velez" or the "Petitioner") has applied for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254, seeking relief from a sentence which he contends was recalculated unconstitutionally. Based on the conclusions set forth below, the petition is dismissed.

**Facts and Prior Proceedings**

The facts and prior proceedings in this section are taken from the Petition (Dkt. No. 1, the "P.") or the records of Velez' state cases (Dkt. No. 11, the "State Records" or "SR") and are not in dispute.

Velez (also known by his pseudonym, John Perez) was convicted on four counts of second degree murder, and sentenced on November 1, 1983. (SR 41-47.) For the purposes of sentencing, his four murder convictions were grouped into two groups of two, resulting in two terms of 25 years to life, to run consecutively. (See id.) He was also sentenced to shorter, concurrent terms for robbery and tampering with evidence. (Id. at 49-53.) He appealed his sentence unsuccessfully. See People v. Velez, 161 A.D.2d 154 (1st Dep't 1990); People v. Velez, 76 N.Y.2d 797 (1990). Velez then challenged his conviction

collaterally via a habeas petition in this court, which was rejected in a report and recommendation by the Honorable Kevin Fox, later adopted by the Honorable Deborah A. Batts. (SR 1-3.) Velez filed an appeal, but chose not to pursue it. (Id. at 3.) The instant petition does not challenge the validity of Velez' conviction. (P. ¶ 5.)

On February 27, 2013, Velez brought an Article 78 petition in Albany County Supreme Court, alleging that the State had incorrectly calculated his sentence as 100 years to life, rather than 50 years to life. (P. ¶ 7.) In response to the petition, the State filed an affirmation on July 8, 2013, acknowledging that Velez was correct and recalculating his sentence to reflect an aggregate term of 50 years to life. (SR 19-20.) Because the State had granted Velez the relief requested, the Supreme Court denied his petition as moot on July 22, 2013. (SR 59-62.) The parties disputed whether the State should pay Velez' costs of litigating the matter, which was resolved in Velez' favor by a decision dated September 4, 2013. (SR 77-80.)

On February 24, 2014, Velez filed a motion in New York County Supreme Court, seeking to vacate his sentence pursuant to N.Y. C.P.L. § 440.20. (SR 81-106.) Velez' argument, briefly summarized, was that his conviction must be vacated because the State Department of Corrections and Community Supervision did not have the standing to recalculate his sentence (since

sentencing is an act reserved for the judicial branch) and that vacatur was also required because it had taken an unreasonably long time for his sentence to be recalculated. (See id.) On July 10, 2014, the Supreme Court denied the motion, declaring that because the original miscalculation of Velez' sentence was an administrative error, "this is not a situation where the defendant's original pronouncement of sentence by the court was invalidated." (SR 137.) Velez sought to appeal the decision, but was denied leave by the Appellate Division, First Department, on November 20, 2014. (SR 211.)

Velez filed his petition in this case on September 3, 2015. (Dkt. No. 1.) The Attorney General of the State of New York filed opposition papers on behalf of the respondent, Thomas Griffin ("Griffin" or the "Respondent"), on January 11, 2016. (Dkt. Nos. 9-11.) Velez had been given 30 days to file reply papers after receiving the State's response (See Order to Answer, Dkt. No. 5) but did not do so.

**The Petition is Denied**

Respondent raises two arguments against the petition: first, that it is barred by the statute of limitations imposed by 28 U.S.C. § 2244(d)(1); and second, that it should be dismissed because it lacks merit. Because the limitations issue

is dispositive, this Opinion does not reach the petition's merits.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a 1-year statute of limitations on all applications for a writ of habeas corpus brought by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1); Holland v. Florida, 560 U.S. 631, 634 (2010). The period runs from the date on which the prisoner's judgment becomes final, the date on which an unconstitutional impediment to filing a petition is removed, the date on which a newly-recognized constitutional right is adopted by the Supreme Court, or when the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A-D). The period is tolled during the time when a properly filed application for state postconviction or collateral review is pending. See id. § 2244(d)(2).

In this case, Velez would have become aware of the recalculation of his sentence on or around July 8, 2013, when the State acknowledged the need for recalculation in his Article 78 proceeding. (SR 19, 21.) The limitations period would remain tolled through the termination of that proceeding, which (under the calculation most generous to the Petitioner) would be the filing of the decision on his motion for costs, on September 4, 2013.

173 days passed in between the end of the Article 78 proceeding on and the filing of Velez' motion to vacate his sentence on February 24, 2014. That motion, and Velez' abortive appeal, tolled the limitations period through November 20, 2014, the day when leave to appeal was denied. (See SR 211.) A further period of 287 days passed before the petition was filed in the instant case on September 3, 2015, resulting in a total period of 460 days during which the Petitioner's claim had accrued and was not tolled, well over the one-year limitations period imposed by AEDPA.

The AEDPA limitations period is not jurisdictional and can be tolled equitably in appropriate cases. Holland v. Florida, 560 U.S. 631, 645 (2010); Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000). Equitable tolling requires a plaintiff to show 1) that he has been pursuing his rights diligently, and 2) that some extraordinary circumstance stood in his way and prevented timely filing. Holland, 560 U.S. at 649. Velez does not allege either ground in his Petition, nor does there appear to be any factual material alleged in it which, even under the most liberal interpretation, could constitute an extraordinary circumstance that would justify equitable tolling. Similarly, a prisoner can circumvent the AEDPA limitations period if he or she makes "a credible showing of actual innocence," McQuiggin v. Perkins, 133 S.Ct. 1924, 1931 (2013), but Velez concedes in his

petition that he is not challenging the correctness of his underlying conviction. (See P. ¶ 5.) Because there is no valid ground to exempt Velez from the one-year AEDPA limitations period, his petition is procedurally barred.

## Conclusion

Based on the conclusions set forth above, the petition is dismissed without prejudice.

It is so ordered.

New York, NY
March 15, 2016

_____
ROBERT W. SWEET
U.S.D.J.